## BARTLETT v. YOUNG.

An agreement fixing the location of a disputed boundary line between two adjoining land-owners is binding upon their respective grantees.

WRIT OF ENTRY. The plaintiff claimed under a deed describing the granted premises as part of lot 101. The defendant owned a part of lot 92 adjoining that part of lot 101 conveyed to the plaintiff by the above deed, and claimed the disputed tract by virtue of a written agreement establishing the divisional line made by

him with the plaintiff's grantor, Elias E. Dickey, May 20, 1874. The line thus agreed to was not the true line between lots 92 and 101, but departed therefrom, at one end, about thirty-six rods; and it was for the land lying between the lot line, as rightly located on the ground, and the agreed line, that this suit was brought. After the agreement the defendant cleared and cultivated the land up to the agreed line, and there was no further controversy about the line until after Dickey conveyed to the plaintiff in 1875. The plaintiff had no notice, actual or constructive, of the agreement when he purchased of Dickey.

The court ruled that the written agreement between the defendant and Dickey, the plaintiff's grantor, was binding upon the plaintiff, and conclusive as to the location of the division line between them; and the plaintiff excepted.

*J. P. Bartlett* and *Cross & Taggart*, for the plaintiff.

*Sanborn & Cochrane* and *N. H. Wilson*, for the defendant.

BLODGETT, J. It has long been settled in this state that an executed parol agreement between adjoining owners of land, establishing the dividing line between them, is conclusive against the parties and all persons claiming under them. *Sawyer* v. *Fellows*, 6 N. H. 107, 108; *Eaton* v. *Rice*, 8 N. H. 378, 381; *Gray* v. *Berry*, 9 N. H. 473; *Prescott* v. *Hawkins*, 12 N. H. 27; *Orr* v. *Hadley*, 36 N. H. 575; *Dudley* v. *Elkins*, 39 N. H. 78, 84, 87. These decisions go upon the ground that the effect of such an agreement is, not to change the titles to a portion of the respective estates, but only to define and limit their extent; in short, that the agreement simply fixes the location where the estate of each owner is supposed to exist under his deed. It is for this reason that the rule thus established must be confined in its operation to cases of disputed or uncertain boundary, because otherwise it would be necessary to give a parol agreement between adjacent owners, fixing their common boundary, the effect of a grant of real estate, in direct contravention of the statute of frauds.

There is no ground for claiming that the facts as reported do not bring this case within the rule. On the contrary, it plainly appears that at the time the agreement in question was made and executed by the plaintiff's grantor and the defendant, all the elements existed which were necessary to enable them to establish the divisional line between their lands in the manner they did, and thus conclusively determine the limits of their respective ownerships. Whether the boundary as located by the agreement was, in point of fact, the true one, is entirely immaterial; and it is equally immaterial that the plaintiff did not have notice of the agreement at the time of his purchase in 1875. Even if he was entitled to notice, he is precluded from showing that his land

extends beyond the agreed boundary, for possession is evidence of title, and the visible occupation and cultivation of the land in controversy by the defendant was at least enough to put him upon inquiry, and especially in view of the indefinite and ambiguous terms of his conveyance.

*Exceptions overruled.*

CLARK, J., did not sit: the others concurred.