Carroll,
Dec. 6, 1910.

## GERRY v. KENNETT.

Where it is claimed that a boundary line has been located by agreement and a fence built thereon, evidence of a protracted occupation by the adjacent owners subsequently to a survey and the erection of the fence is competent to prove their assent to such location; and an instruction which limits the jury to a consideration of the acts of the parties at the time of the survey and immediately afterward is erroneous and furnishes sufficient cause for setting aside a verdict.

WRIT OF ENTRY. Trial by jury and verdict for the plaintiff. Transferred from the June term, 1908, of the superior court by *Chamberlin*, J.

The controversy related to the location of a boundary line between the parties, who were owners of adjoining lots of land. The defendant claimed that a certain wire fence was on an agreed line. His evidence tended to show that the line upon which the fence was located had been surveyed and the fence established by the adjoining owners, and that for some years afterward the fence had been treated as the actual boundary, each party occupying up to the fence on his side.

The defendant requested the court to charge as follows: "An agreed location of the boundary line may be found not only from direct testimony as to the actual making of the agreement, but also from the conduct of the parties at and subsequent to the time at which it is claimed the agreement was made. Evidence that the line was run by a surveyor in the presence and with the assistance of the owners, that a permanent fence was erected and has been maintained on the line so run for a number of years to the knowledge of both parties, and that they have since the erection of the fence occupied up to the fence on each side and no farther, would warrant a finding that there was in fact an agreement that the line so run was the dividing line." The court refused to give the requested instruction except so far as it is included in the charge as given, and the defendant excepted.

The court charged the jury as follows upon this point: "The law is, that when two men having a dispute about a line agree where it shall be and execute that agreement, it is binding upon them and their successors, although it is a mere verbal understanding. That was the law governing the rights of the parties at the time of the transaction involved when this suit was begun. So you are to consider on this question of agreement not only what the parties said at the time they obtained Mr. Lord's services, but what

they said while the work was being done, what they did at the time the work was being done and immediately afterward in executing that agreement, if you find that it was executed. You will take into consideration everything which the circumstances and the evidence disclose in this case—what the evidence as given you upon the stand shows was done."

*Frank Weeks, Arthur L. Foote,* and *Sewall W. Abbott (Mr. Foote* orally), for the plaintiff.

*Walter D. H. Hill* and *Niles & Upton (Mr. Niles* and *Mr. Upton* orally), for the defendant.

WALKER, J. The instruction requested should have been given. It is not claimed by the plaintiff that there was no evidence to which it was applicable, or that it is an incorrect statement of the law in view of the defendant's evidence; but it is argued that the requested instruction was substantially incorporated in the charge which the court gave. Upon the issue whether the parties had established the line between them by parol agreement (*Bartlett* v. *Young,* 63 N. H. 265), it was clearly competent for the defendant to show, as bearing on the probability that such an agreement was in fact made, that a surveyor, assisted by the parties, ran the line as claimed by the defendant, that a permanent fence built upon that line has been maintained for many years, and that the parties have occupied their respective lots up to the fence and no farther. The evidence had a direct tendency to show that the parties agreed to the line which the surveyor ran. Their acquiescence would be evidence of an assent or a meeting of minds. *Hobbs* v. *Cram,* 22 N. H. 130; *Dudley* v. *Elkins,* 39 N. H. 78; *Wheeler* v. *Wilder,* 61 N. H. 2, 7. The defendant was therefore entitled to have the jury instructed that the acts of the parties after the running of the line by the surveyor and the building of the fence, as indicated by the evidence, tended to prove the establishment of a line by agreement. But the charge as given limited the jury to a consideration of the acts of the parties at the time the line was run by the surveyor "and immediately afterward." If the court meant by this expression that the building of the fence on that line might be considered as some evidence of an agreement, it did not amount to an instruction that the jury might also consider upon that question evidence of the acts of the parties in maintaining the fence for many years and in occupying their lots up to the fence and no farther. The jury would naturally understand from the charge that they were limited in their consideration of the evidence to acts of the parties at the time of and "immediately" after the running of the line. In this view of the

case, it is clear that a mistrial might naturally result. Nor can it be said that the error was cured by the general instruction that the jury should consider "everything which the circumstances and the evidence disclose." The court by this remark did not intend, and it is not probable the jury understood they were authorized by it, to extend their inquiry beyond the limit laid down by the court in the previous sentence.

*Exception sustained : verdict set aside.*

All concurred.